UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ROBERT A. PITZER, )<br>                          Plaintiff, )<br>v.                                )<br>                                 )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, sued as Michael J. Astrue, )<br>Commissioner of Social Security, )<br>                                 )<br>                    Defendant. ) | Case No. 10-2083 |

# REPORT AND RECOMMENDATION

     Plaintiff filed a Complaint for Judicial Review (#1) seeking judicial review of a final decision of Michael J. Astrue, Commissioner of Social Security, denying his claims for Disability Insurance Benefits. After the Defendant filed an answer (#8) and the social security transcript (#9) and (#10), Plaintiff filed Plaintiff's Motion for Summary Judgment or Remand (#13). That motion was supported by a memorandum. Defendant sought and received extensions of time to file his motion and memorandum. Ultimately, the Commissioner decided not to file a motion in opposition. Instead, the parties filed an Agreed Motion for Reversal with Remand for Further Administrative Proceedings (#17). The Court then entered a judgment (#18) pursuant to which the case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), Sentence 4.

     Following the entry of judgment, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#19). The application was accompanied by attachments supporting the fees claimed.

     The Defendant filed Commissioner's Response to Plaintiff's Application for Attorney Fees Under the EAJA (#20). In his response, Defendant conceded that Plaintiff is a prevailing party and acknowledged that the position taken by the Social Security Administration was not substantially justified. Nevertheless, Defendant objects to the amount of the fees sought which is asserted to be unreasonable.

Defendant challenges the billable hours involved in drafting and editing Plaintiff's Memorandum in Support of the Motion for Summary Judgment. According to Defendant's calculations, the Plaintiff seeks recovery for 22.7 hours for Attorney Austin McGreal's drafting of the memorandum, plus an additional 13.96 hours for Attorney Marcie Goldbloom to edit and revise the memorandum. Defendant asserts, "This 36.66 hours for a routine initial Social Security district court brief seems clearly excessive." (Def.'s Resp. #20, p. 2.)

On May 25, 2011, the Court heard argument. Attorney Marcie Goldbloom explained to the Court that she wanted to craft the brief in hopes of convincing the Regional Counsel to do a voluntary remand. Attorney Goldbloom added that if she had been required to start from scratch, the process would have taken "a good 30 hours." She maintained that Plaintiff's counsel had exercised reasonable billing judgment in that the time claimed was actually put into the drafting of the memorandum and the amount claimed was reasonable.

Clearly, Plaintiff's counsel achieved the stated goal of convincing the Regional Counsel to agree to a voluntary remand. As a result, it was not necessary for Plaintiff to digest and analyze a motion for summary judgment filed by the Defendant. Nor was it necessary to file a reply brief. The extra effort carried the day for Plaintiff, expedited the remand, and served to avoid additional costs.

Approximately one-half of Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand was devoted to a recitation of the history of the case, including the medical evidence and hearing testimony. The balance of the memorandum was devoted to argument regarding the four errors claimed to have been committed by the Administrative Law Judge. This Court was not required to consider the memorandum due to the agreement to remand. Nevertheless, in connection with the fee dispute, the Court has conducted a thorough examination. In addition, the Court has carefully reviewed the time log submitted by Plaintiff's counsel (#19-3).

2

Defendant argues that Plaintiff is claiming the 22.7 hours billed by Attorney McGreal was attributable to drafting Plaintiff's brief. A review of the time log suggests otherwise. According to the Court's calculation, the time spent by Attorney McGreal in the drafting of the brief totaled 17 hours. There was additional time involved in the process of reviewing the record prior to the commencement of the drafting. Attorney Goldbloom devoted 13.13 hours in reviewing and editing Plaintiff's brief. The total of slightly more than 30 hours is not excessive and, in the opinion of the Court, reflects the proper exercise of billing judgment.

Having reviewed the record and considered the arguments of counsel, the undersigned has concluded that the objections of the commissioner are not well taken. Accordingly, I recommend, pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#19) be approved and an award of fees in the amount of $7,089.71 be made pursuant to the Equal Access to Justice Act.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 30th day of June, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
